IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,001-01






EX PARTE LUIS NAVA III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20050D05573 IN THE 384TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
sexual assault of a child (count 1), sexual performance of a child (count 2), and possession
of child pornography (count 3). He was sentenced to consecutive terms of imprisonment of
seven years for the sexual assault and two years for the sexual performance; a two-year
sentence for the pornography conviction was probated for two years. The Eighth Court of
Appeals affirmed the convictions in an unpublished opinion. Nava v. State, No.
08-08-00197-CR (Tex. App. - El Paso del. Jun. 16, 2010). 

 In several grounds, Applicant contends his trial counsel rendered ineffective
assistance. There is no response from trial counsel regarding his investigation and trial
strategy, and there are no findings from the trial court. As an initial matter, we note
Applicant's allegations as they pertain to the probated count 3 are not properly before this
Court and must be raised under Article 11.072 of the Code of Criminal Procedure. See Tex.
Code Crim. Proc. Art. 11.07, §§ 1, 3(a)-(b). These allegations are therefore dismissed
without prejudice. The allegations as they pertain to counts 1 and 2 are properly before this
Court. Id.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain an affidavit from Applicant's trial counsel
responding to the claims and explaining his trial strategy and tactical decisions. In addition
to obtaining this affidavit, the trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d) to resolve disputed issues of fact. In the appropriate case, the trial
court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it
shall determine whether applicant is indigent. If applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: February 1, 2012

Do not publish